**The AMERICAN BANK & TRUST COMPANY**

v.

**The AMERICAN OIL SCREW VESSEL, SALVOR, Her Engines, Tackle, Apparel and Furniture, etc., Consolidated**

**With**

**E. L. HAGAN, Edgar Hodges, and LeRoy Hammett, Libellants,**

v.

**O/S SALVOR, Her Engines, Tackle, Apparel, Motor, Furniture, etc., Respondent.**

**Nos. 370, 371.**

United States District Court
S. D. Texas,
Brownsville Division.

July 3, 1962.

Blades, Crain, Slator & Winters, Houston, Tex., for The American Bank & Trust Co.

L. G. Mathews and Joe W. Walsh, Brownsville, Tex., for intervenors Thomas M. Achard and Marsh McMahan.

Cox & Wilson, Brownsville, Tex., for Vapor Honing Marine Service, Inc.

Ben S. Hardy, Brownsville, Tex., for E. L. Hagan, LeRoy Hammett and Edgar Hodges.

GARZA, District Judge.

The only question before the Court at the present time is whether the intervening libel of Thomas M. Achard, in which he claims a maritime lien for wages, should be upheld.

It has been conceded and stipulated that the O/S SALVOR is a United States vessel duly registered at its home port of Houston, Texas; that the certificate of registry which was introduced in evidence shows that Achard was the master of the O/S SALVOR.

The vessel, during the time that Achard was acting as master, was rigged for sand blasting and painting off-shore structures used in oil well drilling operations, doing what is commonly known as anti-corrosive work on said off-shore rigs. It has on board all the machinery necessary to do this kind of work.

While it is true that Achard was responsible for getting the SALVOR from its mooring place in port to each of the rigs being sand blasted, once the vessel arrived at the job site, it then became his duty to supervise the work and act as a foreman. He helped repair the equipment, and it was his duty to maintain it.

In his sworn libel, which has not been denied, he claims that his wages were fixed at $550.00 per month, but that he was to work only an 8-hour shift, and that he was to be paid overtime for hours worked over said 8-hour shift a day. This arrangement certainly does not speak of Achard as the master of the vessel where he stands in the same shoes as the owner.

It has been held on many occasions that the mere fact that a person, such has Achard, is designated as master will not preclude said person from recovering or being entitled to a lien for wages for services performed by him as a member of the crew.

The O/S SALVOR was nothing but a "floating workshop". While traveling from job to job on the sea, it was a ship to be commanded by a master; the master was Achard. But once it got to a job site or to port, it was nothing but a "floating work-shop" and Achard then became a foreman and not a master.

From all the facts and stipulations before the Court, the testimony of Achard that only fifteen per cent of his time was spent as master of the vessel, which has not been disputed, must be taken as true.

I find, therefore, that eighty-five per cent (85%) of the time spent by Achard on board the O/S SALVOR was in performing duties of a seaman, and that, therefore, he is entitled to a lien for eighty-five per cent (85%) of his claim for $2,395.31 which has been deposited in the registry of this Court pending the decision on his claim.

Counsel for the Intervenor, Thomas M. Achard, will prepare an order giving him a lien against the O/S SALVOR in the sum of $2,036.01, and the same order shall provide that he be paid this sum out of the funds in the registry of the Court. However, this portion of the order will be stayed if the Libellant, The American Bank & Trust Company, objects to the entry of this order and desires to appeal therefrom.

The Clerk will notify counsel and make available to them a copy of this memorandum opinion.